**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Marie Roviello,<br>Plaintiff,<br>v.<br>Commissioner of Social Security Administration,<br>Defendant. | No. CV-25-02388-PHX-DWL<br>**ORDER** |

*Pro se* Plaintiff challenges the partial denial of her applications for benefits under the Social Security Act ("the Act") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed Plaintiff's opening brief (Doc. 18), the Commissioner's "Brief Requesting Remand" (Doc. 21), and Plaintiff's reply (Doc. 26), as well as the Administrative Record (Doc. 9, "AR"), and now reverses the Administrative Law Judge's ("ALJ") decision and remands for further proceedings.

I. Procedural History

Plaintiff filed applications for benefits on September 2, 2022, alleging a disability onset date of September 1, 2021. (AR at 35.) The Social Security Administration ("SSA") denied Plaintiff's applications at the initial and reconsideration levels. (*Id.*) On September 25, 2024, following a telephonic hearing, the ALJ issued a partially favorable and partially unfavorable decision. (*Id.* at 35-51.) More specifically, the ALJ found that Plaintiff "was not disabled . . . through December 31, 2023, the date last insured," and thus was not entitled to disability and disability insurance benefits, but that Plaintiff "has been disabled

. . . beginning on August 13, 2024," such that Plaintiff was entitled to supplemental security income. (*Id.* at 50-51.) The Appeals Council later denied review. (*Id.* at 1-4.)

II. The Sequential Evaluation Process and Judicial Review

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 416.920(a). The claimant bears the burden of proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant has engaged in substantial, gainful work activity. 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 416.920(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 416.920(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to step four, where the ALJ determines whether the claimant is still capable of performing past relevant work. *Id.* § 416.920(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 416.920(a)(4)(v). If not, the claimant is disabled. *Id.*

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (internal quotations omitted). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse

an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

III. <u>The ALJ's Decision</u>

The ALJ concluded that Plaintiff had not engaged in substantial, gainful work activity since the alleged onset date and that Plaintiff had the following severe impairments: "cervical, thoracic, and lumbar spondylosis; osteoarthritis of the bilateral hips; and refractory chronic cough." (AR at 38.)[1] Next, the ALJ concluded that Plaintiff's impairments did not meet or medically equal a listing. (*Id.* at 41-42.) Next, the ALJ calculated Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except she can sit for six hours out of an eight-hour day and stand and/or walk for six hours out of an eight-hour day; occasionally climb ramps and stairs, never climb ladders, ropes or scaffolds; frequently balance; occasionally stoop, kneel, crouch, and crawl; avoid concentrated exposure to extreme temperatures, humidity, wetness, chemicals, odors, dusts, fumes, gases, and hazards, like dangerous moving machinery and unprotected heights; and occasional interaction with supervisors, coworkers, and the public.

(*Id.* at 42.)

As part of this RFC determination, the ALJ evaluated Plaintiff's symptom testimony, concluding that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported for the reasons explained in this decision." (*Id.* at 43.) The ALJ also evaluated opinion evidence from various medical sources, concluding as follows: (1) Luz Mogrovejo, Ph.D., initial administrative medical finding ("persuasive"); (2) Sandip Sen, M.D., reconsideration administrative medical

[1] The ALJ also determined that (1) Plaintiff had the non-severe impairments of right heel fracture, left foot peroneal tendinitis, ankle sprain, bone island of heel, COVID-19, mixed urinary incontinence, gastroesophageal reflux disease, onychomycosis, osteoporosis, slow-transit constipation, irritable bowel syndrome, cyclical vomiting syndrome, major depressive disorder/depressive disorder, anxiety disorder, and posttraumatic stress disorder; and (2) Plaintiff's alleged impairments of other specified personality disorder, kidney stones, and right shoulder pain were not medically determinable. (AR at 38-41.)

finding ("persuasive"); (3) Jose M. Abreu, Ph.D., psychological consultative examination ("less persuasive"); (4) Nadine Keer, D.O., initial administrative medical finding ("generally persuasive"); (5) Javier Torres, M.D., reconsideration administrative medical finding ("generally persuasive"); (6) Keith Cunningham, M.D., physical consultative examination ("generally persuasive"); (7) Christopher C. Campo, D.C., treating physician ("no opinion to evaluate"); (8) Michael Zgoda, M.D., treating physician ("persuasive to extent that [it] provides a diagnosis for cough of unknown etiology"); (9) Ashley Kirby, Ph.D., treating physician ("no opinion to evaluate"); (10) Kothandapany Shalini, M.D., treating physician ("neither valuable nor persuasive to the agency"); (11) Julia Ostoich, PT, DPT, treating physician ("less persuasive"); (12) Matt Higuera, OTD, treating physician ("not persuasive"); (13) Chris Gerwe, M.D., treating physician ("not persuasive"); (14) Shazia Malik, M.D., treating physician ("not persuasive"); and (15) Kothandapany Shalini, M.D., treating physician ("not persuasive"). (*Id.* at 47-48.) Additionally, the ALJ confirmed consideration of a third-party statement. (*Id.* at 48.)

Based on the testimony of a vocational expert ("VE"), the ALJ concluded that although Plaintiff was unable as of the alleged onset date (i.e., September 1, 2021) to perform her past relevant work, she was capable between that date and August 13, 2024 of performing three jobs that exist in significant numbers in the national economy: (1) marker; (2) photocopy machine operator; and (3) router. (*Id.* at 48-50.) Thus, the ALJ concluded that Plaintiff was not disabled before August 13, 2024. (*Id.* at 50.) However, the ALJ also concluded that Plaintiff became disabled as of August 13, 2024, because on that date her "age category changed," i.e., she turned 55 years old. (*Id.*)

IV. <u>Discussion</u>

A. **The Parties' Arguments**

Plaintiff raises five issues on appeal: (1) whether the ALJ misclassified certain impairments as non-severe at step two; (2) whether the ALJ failed to provide legally sufficient reasons for rejecting her symptom testimony; (3) whether the ALJ erred when evaluating the medical opinion evidence, both "by inadequately addressing the

supportability and consistency of treating and examining source opinions and [by] improperly relying on non-examining opinions"; (4) whether the ALJ erred when formulating the RFC; and (5) whether the ALJ erred at step five because the VE "testimony was based on incomplete hypotheticals, failed to account for all supported limitations, and did not establish the existence of work [Plaintiff] could perform." (Doc. 18 at 4-5.) As a remedy, Plaintiff asks the Court to "remand for an immediate award of benefits for the period prior to the date last insured, beginning no later than September 1, 2021." (*Id.* at 42.)

In response, the Commissioner concedes that reversal is warranted because "[r]egrettably, the ALJ here misapplied the applicable regulations regarding medical opinions from Kothandapany Shalini, MD, and Matt Higuera, OT." (Doc. 21 at 4.) However, the Commissioner opposes Plaintiff's request for a remand for calculation of benefits, arguing that the proper remedy is a remand for further proceedings in part "because the record was not fully developed at the time of the ALJ's decision. . . . New evidence submitted after the ALJ's decision can show how further administrative proceedings are warranted. As Plaintiff's [brief] points out, Dr. Shalini and OT Higuera both submitted letters after the ALJ's decision that further explained their opinions." (*Id.* at 6.) The Commissioner continues: "Other evidence submitted to the Appeals Counsel that the ALJ had not been able to consider included normal examination findings when Plaintiff reported helpful physical therapy and ongoing issues with coughing and vomiting, and a clinical study that found no significant abnormalities in Plaintiff's upper gastrointestinal tract. Because the evidence submitted after the ALJ's decision shows that the record before the ALJ was ambiguous and incomplete, this Court cannot award benefits without further administrative proceedings." (*Id.* at 6-7.) The Commissioner further contends that a remand for calculation of benefits is not warranted because there is "conflicting medical opinion evidence in Plaintiff's case"—more specifically, "physician Keith Cunningham, MD, opined that Plaintiff could perform fulltime light exertional work with some postural and environmental limitations. State agency medical consultants

Nadine Kerr, DO, and Javier Torres, MD, made similar findings about Plaintiff's residual functional capacity (RFC). Further proceedings are warranted when a claimant's preferred remedy conflicts with the findings of state agency consultants." (*Id.* at 7.) Finally, the Commissioner argues that Plaintiff's remaining assignments of error lack merit, as the ALJ permissibly discredited the opinions of Dr. Zgoda; did not err during step two; "reasonably discounted Plaintiff's subjective complaints based on objective evidence, Plaintiff's course of treatment, and Plaintiff's activities"; and did not err when formulating the RFC or questioning the VE. (*Id.* at 8-13.)

In reply, Plaintiff clarifies that she does not concede ambiguity; asserts that the record before the ALJ was fully developed and that "[r]eliance on later evidence does not justify further proceedings because the record before the ALJ was sufficient to evaluate disability"; argues that the opinions of Drs. Keer, Torres, and Cunningham do not create a "genuine" evidentiary conflict because "[t]hose opinions were rendered without the full longitudinal record and do not evaluate [Plaintiff's] episodic impairments"; accuses the Commissioner of relying on "isolated statements" and "isolated notations"; reiterates her contention that the ALJ erred when evaluating the opinions of Dr. Zgoda; disputes that the "purportedly 'normal' gastrointestinal findings" support the ALJ's onset determination; argues that the ALJ failed to address her symptom logs; argues that the neurology records, psychological records, and cited treatment notes do not create a conflict; clarifies that she does not seek reweighing of the evidence; and reiterates her contention that the credit-as-true rule requires an award of benefits. (Doc. 26.)

B. **Analysis**

"The credit-as-true analysis has evolved in our circuit over time, thus providing a challenge for application by the district court." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). As the Ninth Circuit has clarified in recent opinions, "[a]n automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Id. See also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) ("[O]ur jurisprudence . . . requires remand for

further proceedings in all but the rarest cases.”).

On the merits, “[t]he credit-as-true rule has three steps. First, we ask whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Second, we determine whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful. And third, if no outstanding issues remain and further proceedings would not be useful, only then do we have discretion to find the relevant testimony credible as a matter of law. Even if all three steps are met, the decision whether to remand a case for additional evidence or simply to award benefits is in our discretion.” *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023) (cleaned up). A district court properly exercises its discretion to remand for further proceedings where “there is serious doubt as to whether [the claimant] is disabled.” *Leon*, 880 F.3d at 1048. *See also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (“[E]ven if all three requirements are met, we retain flexibility in determining the appropriate remedy. We may remand on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.”) (cleaned up).

The credit-as-true rule is inapplicable here. Although step one is satisfied in light of the ALJ’s undisputed failure to provide legally sufficient reasons for discrediting certain opinion evidence, step two is not—further administrative proceedings would be useful for at least two reasons. First, as the Commissioner notes, the ALJ credited the opinions of three medical sources (Drs. Cunningham, Kerr, and Torres) whose opinions may permissibly be viewed as inconsistent with Plaintiff’s claim of disability as of the alleged onset date. Further proceedings will be useful in allowing the ALJ to determine how to reconcile those opinions with the other opinions and evidence the ALJ will be reevaluating on remand. *See, e.g., Washington*, 72 F.4th at 1042 (concluding that “the district court did not abuse its discretion in remanding to the Commissioner to resolve the contested issues”

where there was a "conflict between Washington's treating doctor and the consulting medical expert"); *Tinsley v. King*, 2025 WL 471118, *1-2 (9th Cir. 2025) ("While Tinsley satisfies the first step, 'outstanding issues' arise at the second step that preclude the award of benefits. As the district court observed, divergent medical opinions preclude immediate award of benefits in Tinsley's case. Specifically, two state agency consultants . . . opined that Tinsley's multiple sclerosis had stabilized and that he was capable of sedentary work with additional exertional, postural, and environmental limitations. . . . In contrast, Dr. Stacy Donlon, M.D. . . . opined that Tinsley was incapable of any work at all, regardless of his adherence to treatment. . . . While Tinsley requests that this Court credit Dr. Donlon's assessment, Tinsley's suggestion reverses the required order of analysis.") (cleaned up); *Cruz v. Kijakazi*, 2021 WL 5357231, *1 (9th Cir. 2021) ("Further proceedings may be useful when the medical evidence is inconsistent. Here, Dr. Patel and Nurse Gray's opinions that Cruz is unable to perform light work conflict with the opinions of two state agency examiners. . . . These various inconsistencies demonstrate that the record is not free of conflicts, ambiguities, or gaps, and that further proceedings would be useful to determine what portions of the opinions of the various medical professionals the ALJ thought were entitled to weight.") (cleaned up).

Although the analysis could end there, a remand for further proceedings is also warranted because Plaintiff submitted an array of evidence to the Appeals Council that the ALJ did not have an opportunity to consider. (*See, e.g.*, AR 74-76 [January 2025 treatment note from Dr. Shalini]; *id.* at 84-86 [February 2024 letter from Dr. Shalini]; *id.* at 106-07 [November 2024 treatment notes]; *id.* at 121 [December 2024 letter from OT Higuera].) Although some of that evidence may be viewed as favorable to Plaintiff (Doc. 18 at 25-26), other portions of that evidence may be viewed as unfavorable to Plaintiff (Doc. 21 at 6-7). Particularly in these circumstances, the ALJ should have the opportunity, in the first instance, to consider that evidence and determine how to reconcile it with all of the other evidence the ALJ will be reevaluating on remand. *Demelo v. Berryhill*, 696 F. App'x 804, 806 (9th Cir. 2017) ("The fact is that Demelo did submit additional records to the Appeals

Council, which means that the additional records became part of the Administrative Record. Under the circumstances here, the new records are not sufficient to render complete the otherwise incomplete and at least partially contradictory record. While those additional records show further cardiac events, they are not so conclusive as to disability that, under an abuse of discretion standard, it would be 'beyond the pale of reason' to remand for further proceedings.").

Accordingly,

**IT IS ORDERED** that the decision of the ALJ is **reversed** and this matter is **remanded for further proceedings**. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 8th day of September, 2026.

Dominic W. Lanza
United States District Judge